IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:08CV00145 |
| | ) |
| $8,369.00 IN U.S. CURRENCY, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND RECOMMENDATION
### OF MAGISTRATE JUDGE ELIASON

This matter comes before the Court on the motion of Plaintiff to strike the claim of Seneca Lowery. The government shows that on May 15, 2008, Ms. Lowery made a claim through her attorney on the Defendant property. On June 26, 2008, Plaintiff served Ms. Lowery, through her attorney, a set of interrogatories and requests for production of documents. These answers were due July 28, 2008. After letters were sent requesting responses to the discovery, a motion to compel discovery was filed on October 9, 2008. This motion was granted by the Court on November 4, 2008. On that same date, the Court also entered an order granting the motion of Claimant's attorney, John D. Bryson, to withdraw as her representative because the Claimant would not cooperate with her attorney. In the order allowing the withdrawal, the Court also required Claimant Lowery to, within twenty days, have another attorney enter an appearance on her behalf or to enter a pro se appearance. This order has been ignored, as well as the Court's order to the Claimant to produce the discovery.

The Court finds that Plaintiff's motion to strike the claim of Claimant Seneca Lowery should be granted. First, this action may be dismissed pursuant to Fed. R. Civ. P. 41(b) with prejudice because of Claimant's failure to prosecute this case and failure to obey an order of the Court. In that regard, four factors may be considered, which are: (1) the degree of Claimant's personal responsibility; (2) the existence of a protracted history of deliberately proceeding in a dilatory fashion; (3) the amount of prejudice to the Plaintiff caused by the delay; and (4) whether less drastic sanctions are available. <u>Doyle v. Murray</u>, 938 F.2d 33, 34 (4th Cir. 1991); <u>Herbert v. Saffell</u>, 877 F.2d 267, 270 (4th Cir. 1989). Moreover, both the Plaintiff and the Court have the right to have the case moved along on the Court's docket without undue delay. <u>Pacific Indem. Co. v. United States</u>, 66 F.R.D. 493 (E.D.N.C. 1975).

In this case, Plaintiff has failed to produce discovery and has failed to enter an appearance, thereby preventing this case from going forward. All of these matters are directly within Plaintiff's personal control and responsibility. While there has not been a long history of delay, the fact that the Claimant has disobeyed two orders of the Court and refuses to produce discovery and enter an appearance are matters of cardinal importance and show both bad faith and prejudice to the other side. Moreover, there is no indication that less drastic sanctions would be productive.

In addition, Claimant's claim should be dismissed pursuant to Fed. R. Civ. P. 37(b)&(d) for failure to comply with Plaintiff's

-2-

discovery requests as ordered by the Court. <u>Mutual Federal Sav. and Loan Ass'n v. Richards & Associates</u>, 872 F.2d 88, 92 (4th Cir. 1989). In making this decision, the Court looks at a four-part test. This test is: (1) whether the Claimant has acted in bad faith; (2) the amount of prejudice; (3) the need for deterrence; and (4) the effectiveness of less drastic sanctions. <u>Id.</u> In this case, a total failure to respond amounts to an act in bad faith. Claimant was warned of the consequences, including dismissal of her claim. <u>Green v. John Chatillon & Sons</u>, 188 F.R.D. 422 (M.D.N.C. 1998). The prejudice is severe because it prevents this case from going forward. There is obviously a need for deterrence when a claimant files a claim and then does nothing to pursue it. There are no less drastic sanctions because these matters are totally within the Claimant's control, are simple, and by failing to obey court orders, the Claimant has indicated an abdication of an intent to pursue this matter. <u>Pontoon v. National R.R. Passenger Corp.</u>, 194 F.R.D. 521 (M.D.N.C. 1999). For all these reasons, Plaintiff's motion should be granted.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion (docket no. 15) to strike the claim (docket no. 8) of Seneca Vermont Lowery to the Defendant property in this action be granted and that the claim be stricken and dismissed with prejudice.

_____
**United States Magistrate Judge**

January 12, 2009

-3-